

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-4765

Re: Can the Commissioners' Court legally transfer money from the Jury Fund to the General Fund or the Road and Bridge Fund when there is a surplus in the Jury Fund?

Your letter of recent date requesting the opinion of this Department on the question stated therein reads in part as follows:

"Can the Commissioners' Court transfer or borrow money from the Jury Fund when there is surplus in said fund and transfer or borrow same for the benefit of the General Fund.

"The Commissioners' Court of Polk County has passed an order as follows:

"'Be it ordered by the court that the County Treasurer be authorized to borrow $4,000.00 from the Jury Fund and place same to credit of the General Fund, be and the Same is hereby approved.' Dated August 10, 1942.

"I would like for an opinion as to the legality of transfering or borrowing money from the Jury Fund to the General Fund or Road & Bridge Fund if there is an excess in said Jury Fund."

In Opinion No. O-601 this Department held that the Commissioners' Court could not legally transfer money from the Jury Fund into the General Fund. We enclose a copy of this Opinion for your convenience.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

725

In Opinion No. 0-4186 this Department held that the Commissioners' Court could not legally reimburse the Road and Bridge Fund from other available county funds in which there was a surplus. A copy of this Opinion is enclosed.

In the case of Carroll vs. Williams, 202 S.W. 504, the Supreme Court of Texas definitely held that the Jury Fund and other constitutional funds therein designated composed of funds raised by taxation could not be legally transferred from one to another, and that article 1630, Vernon's Annotated Civil Statutes, has application to special funds created by Statute and was not applicable to constitutional funds. The court went further and held in the Carroll case that Section 9, Article 8 of the State Constitution not only placed a limitation on the amount of taxes which might be levied by any county for the purposes therein enumerated, but also designated and placed a limitation on the amount to be expended, in that taxes raised for one purpose therein defined could not be expended for any other purpose.

The Jury Fund, the General Fund, and the Road and Bridge Fund are constitutional funds. Therefore, in view of the holding in the Carroll case, supra, and the authorities cited in the above mentioned Opinions, you are respectfully advised that it is the opinion of this Department that the Commissioners' Court cannot legally transfer money from the Jury Fund, to the General Fund or to the Road and Bridge Fund, although there is a surplus in the Jury Fund.

It is our further opinion that the order of the Commissioners' Court as mentioned in your letter quoted above is void and of no effect.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:nw

Encl.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN